**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| **KIRALP CAPITAL, LLC** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| | § | **DEMAND FOR TRIAL BY JURY** |
| **KALKAN CAPITAL, LLC,** | § | |
| **KALKAN CAPITAL USA, LLC,** | § | |
| **TEXAS EXCEL PROPERTY** | § | |
| **MANAGEMENT, LLC,** | § | |
| **PINEY POINT 2023, LLC,** | § | |
| **LA PLAZA 2022, LLC,** | § | |
| **ROSSLYN2016, LLC,** | § | |
| **TX NUEVA 2021, LLC,** | § | |
| **MAR DE SOL 2021, LLC,** | § | |
| **POINTE 2020, LLC,** | § | |
| **VERENDA 2021, LLC,** | § | |
| **TIMBERS2020, LLC,** | § | |
| **ENKB – MONTICELLO, LLC,** | § | |
| **PINEYTX 2023, LLC,** | § | |
| **SILVERSTONE COMMUNITIES, LLC,** | § | |
| **FERCAN ENGIN KALKAN,** | § | |
| **AHMET KALKAN, AND ELIF KALKAN** | § | |
| | § | |
| **Defendants** | § | |

---

**PLAINTIFF'S COMPLAINT**

---

**TO THE HONORABLE COURT:**

COMES NOW Plaintiff, Kiralp Capital, LLC ("**KCL**" or "**Plaintiff**"), through the undersigned attorneys and, very respectfully, files *Plaintiff's Complaint,* alleges, and requests relief as and against KALKAN CAPITAL, LLC, KALKAN CAPITAL USA, LLC, TEXAS EXCEL PROPERTY MANAGEMENT, LLC, PINEY POINT 2023, LLC, LA PLAZA 2022, LLC, ROSSLYN2016, LLC, TX NUEVA 2021, LLC, MAR DE SOL 2021, LLC, POINTE 2020, LLC,

VERENDA 2021, LLC, TIMBERS2020, LLC, ENKB – MONTICELLO, LLC, PINEYTX 2023, LLC AND SILVERSTONE COMMUNITIES, LLC (collectively "**Kalkan Parties**"), and FERCAN ENGIN KALKAN, AHMET KALKAN, AND ELIF KALKAN (collectively "**Guarantors**" or "**Executives**") (collectively "**Defendants**") as follows:

## SUMMARY AND INTRODUCTION

1. On or about June 4, 2024, Defendant Kalkan Capital, LLC and its litany of entities and Executives approached Plaintiff requesting funds for repairs to various apartment complexes while waiting on the arrival of insurance funds. After receiving and reviewing financial statements from Defendants, Plaintiff provided the requested funds to Defendant Kalkan Capital, LLC with repayment guaranteed by the Guarantors. Unbeknownst to Plaintiff, Defendants did not use the funds for repairs to various apartment complexes and did not use insurance funds to repay Plaintiff. Defendants took funds provided by Plaintiff and sent them through a spider web of entities for uses undisclosed to Plaintiff and for personal affairs. Repeatedly, Defendants informed Plaintiff that funds would soon be provided and requested extensions of repayment terms. Payment has not been made.

2. Defendants set up a complex set of entities to transfer and hide funds to the detriment of Plaintiff and others. As the walls closed in on Defendants and their lies, misrepresentations, and deceptive acts came to light, Defendants renamed themselves Silverstone Communities showing themselves as owning the same properties and overring investment opportunities. Defendants actions and inactions constitute breach of contract; fraud; fraudulent inducement; fraud by nondisclosure; fraudulent transfers, conspiracy; money had and received; and violations of the Racketeer Influenced and Corrupt Organizations Act ("**RICO**") (18 U.S.C. § 1962(c), (d)). Plaintiff seeks all recoverable

damages, including treble damages and threefold damages, for the millions of dollars of damages caused by Defendants' fraudulent, deceptive, and nefarious acts and omissions.

## THE PARTIES

3. Plaintiff is a Puerto Rico limited liability company with a principal place of business at 1509 Avenue Lopez Landron-PH, San Juan, Puerto Rico 00911.

4. Kalkan Capital, LLC is a Texas limited liability company with principal address of 8600 Woodway Drive, Houston, Texas 77063 and may be served by serving its registered agent, PineyTX 2023, LLC at 8600 Woodway Drive, Houston, Texas 77063 or other location where he/she/it may be found.

5. Kalkan Capital USA, LLC is a Texas limited liability company with principal address of 8600 Woodway Drive, Houston, Texas 77063 and may be served by serving its registered agent, PineyTX 2023, LLC at 8600 Woodway Drive, Houston, Texas 77063 or other location where he/she/it may be found.

6. Texas Excel Property Management, LLC is a Texas limited liability company with principal address of 8600 Woodway Drive, Houston, Texas 77063 and may be served by serving its registered agent, Fercan E. Kalkan at 13350 Northborough Drive, Houston, Texas 77067 or other location where he/she/it may be found.

7. Fercan Engin Kalkan is an individual residing in the State of Texas at 143 Manor Lake Estates Drive, Spring, Texas 77379 or other location where he/she/it may be found.

8. Ahmet Kalkan is an individual residing in the State of Texas at 5926 Solar Point Lane, Houston, Texas 77061 or other location where he/she/it may be found.

9. Elif Kalkan is an individual residing in the State of Texas at 8007 Royal Crest Court, Spring, Texas 77379 or other location where he/she/it may be found.

10. Piney Point 2023, LLC is a Texas limited liability company with principal address of 8600 Woodway Drive, Houston, Texas 77063 and may be served by serving its registered agent, PineyTX 2023, LLC at 8600 Woodway Drive, Houston, Texas 77063 or other location where he/she/it may be found.

11. La Plaza 2022, LLC is a Texas limited liability company with principal address of 143 Manor Lake Estates Drive, Spring, Texas 77379 and may be served by serving its registered agent, PineyTX 2023, LLC at 8600 Woodway Drive, Houston, Texas 77063 or other location where he/she/it may be found.

12. Rosslyn2016, LLC is a Texas limited liability company with principal address of 143 Manor Lake Estates Drive, Spring, Texas 77379 and may be served by serving its registered agent, PineyTX 2023, LLC at 8600 Woodway Drive, Houston, Texas 77063 or other location where he/she/it may be found.

13. TX Nueva 2021, LLC is a Texas limited liability company with principal address of 143 Manor Lake Estates Drive, Spring, Texas 77379 and may be served by serving its registered agent, PineyTX 2023, LLC at 8600 Woodway Drive, Houston, Texas 77063 or other location where he/she/it may be found.

14. Mar de Sol 2021, LLC is a Texas limited liability company with principal address of 8600 Woodway Drive, Houston, Texas 77063 and may be served by serving its registered agent, PineyTX 2023, LLC at 8600 Woodway Drive, Houston, Texas 77063 or other location where he/she/it may be found.

15. Pointe 2020, LLC is a Texas limited liability company with principal address of 8600 Woodway Drive, Houston, Texas 77063 and may be served by serving its registered agent,

PineyTX 2023, LLC at 8600 Woodway Drive, Houston, Texas 77063 or other location where he/she/it may be found.

16. Verenda 2021, LLC is a Texas limited liability company with principal address of 143 Manor Lake Estates Drive, Spring, Texas 77379 and may be served by serving its registered agent, PineyTX 2023, LLC at 8600 Woodway Drive, Houston, Texas 77063 or other location where he/she/it may be found.

17. Timbers2020, LLC is a Texas limited liability company with principal address of 143 Manor Lake Estates Drive, Spring, Texas 77379 and may be served by serving its registered agent, PineyTX 2023, LLC at 8600 Woodway Drive, Houston, Texas 77063 or other location where he/she/it may be found.

18. ENKB – Monticello, LLC is a Texas limited liability company with principal address of 143 Manor Lake Estates Drive, Spring, Texas 77379 and may be served by serving its registered agent, Fercan E. Kalkan at 13913 Ella Boulevard, #901, Houston, Texas 77014 or other location where he/she/it may be found.

19. PineyTX 2023, LLC is a Texas limited liability company with principal address of 143 Manor Lake Estates Drive, Spring, Texas 77379 and may be served by serving its registered agent, Ahmet R. Kalkan at 143 Manor Lake Estates Drive, Spring, Texas 77379 or other location where he/she/it may be found.

20. Silverstone Communities, LLC is a Texas limited liability company with principal address of 8600 Woodway Drive, Houston, Texas 77063 and may be served by serving its registered agent, Ahmet R. Kalkan at 8600 Woodway Drive, Houston, Texas 77063 or other location where he/she/it may be found.

## JURISDICTION AND VENUE OF THE COURT

21. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 18 U.S.C. § 1964(a), in that this matter concerns a civil action arising under the laws of the United States, namely, the Racketeer Influenced and Corrupt Organizations ("**RICO**") Act, 18 U.S.C. § 1961, *et seq*.  This Court has supplemental jurisdiction to hear and decide the pendent state law claims under 28 U.S.C. § 1367(a).

22. Venue is appropriate in this District pursuant to 28 U.S.C. § 1441(a); 18 U.S.C. § 1965(a).

## FACTUAL ALLEGATIONS

23. On or about June 4, 2024, the Kalkan Parties approached Plaintiff about funding various development projects related to apartment complexes owned by various Kalkan Parties in Texas including improvements and repairs.  The Kalkan Parties presented Plaintiff with a "Personal Financial Statement", on or about June 5, 2025, showing assets totaling $1,086,842.00 and "Cash on Hand & in Banks" totaling $23,050,000.00.

24. After discussing the Kalkan Parties needs and the projects at issue, Plaintiff and Kalkan Capital, LLC, Fercan E. Kalkan, Ahmet Kalkan, and Elif Kalkan entered into a series of agreements whereby Plaintiff agreed to fund certain projects the Kalkan Parties were pursuing including acquisitions, remodeling and repairing, and financing for various apartment complexes in Texas.

25. The last series of agreements between the Kalkan Parties and Plaintiff were executed on or about January 13, 2025.  The agreements at issue include an *Equity Transfer Agreement* dated January 13, 2025, *Promissory Note* dated January 13, 2025, *Guaranty* dated January 13, 202[5] signed and guaranteed by the Guarantors, and *Security Agreement* dated January 13, 2025 (collectively "**Agreements**").

26. In accordance with the *Promissory Note*, Plaintiff timely and promptly transferred $1,500,00.00 to the Kalkan Parties.  The term of the *Promissory Note* was from January 13, 2025, until July 13, 2025.

27. The *Security Agreement* secures the *Promissory Note* and grants Plaintiff security including, but not limited, tangible personal property, equipment, furniture, intellectual property, intangible personal property, accounts, and accounts receivable.

28. The *Equity Transfer Agreement* requires a transfer of all equity interests in Kalkan Capital, LLC, to Plaintiff in the event of default.

29. The *Guaranty* requires the Guarantors to guarantee the obligations set forth in the *Promissory Note, Security Agreement*, and *Equity Transfer Agreement.*

30. The Kalkan Parties have wholly failed to comply with their obligations under the terms of the Agreements.

31. As the term of the *Promissory Note* came close to expiring, the Kalkan Parties requested extensions and confirmed "money" was on the way.  The Kalkan Parties and the Guarantors never made payments on the principal and never paid interest.  The "money" that was promised and "was on the way" never came.

32. On multiple occasions after default, the principal of Plaintiff traveled to the Kalkan Parties' office and met with the Kalkan Parties' representatives and the Guarantors.  During these meetings, it was expressly confirmed time-and-time again that Plaintiff was going to be paid expeditiously and thanked for permitting the Kalkan Parties and Guarantors time to make the applicable payments.  In fact, the Kalkan Parties and Guarantors told Plaintiff's principal that it would "rob Peter to pay Paul", if necessary, further ensuring that Plaintiff would be paid.

33. As 2025 turned to 2026, the representatives of the Kalkan Parties changed their tune. The Kalkan Parties stated that Kalkan Capital, LLC did not own the assets of the remaining Kalkan Parties including the associated apartment complexes, did not have cash, and did not have assets totaling over $1 billion. The representatives of the Kalkan Parties and Guarantors stated they had little to no assets and the asset documentation that was provided was fraudulent. They further disclosed that they made similar representations to others including banks and financiers, which has led to a series of lawsuits.

34. In fact, the Kalkan Parties and Guarantors informed Plaintiff's representative that all of the rental income they receive from various apartment complexes is paid to an unknown "nonprofit" entity that is purportedly impenetrable. They further confirmed that the Kalkan Parties consists of a series of entities that are designed to be obstructive, confusing, and to hide assets from creditors. Plaintiff's representative was shocked to learn of the level of detail the Kalkan Parties and Guarantors created to defraud Plaintiff and others.

35. The Kalkan Parties are an intricate set of entities designed for fraudulent purposes to manipulate others and serve as alter ego entities for the Guarantors. The Guarantors conduct business through the Kalkan Parties as a fraudulent enterprise. They brazenly and openly confirmed that their assets are hidden within and between a web of deception with a focus on defrauding parties. The representatives of the Kalkan Parties and Guarantors confirmed to Plaintiff's representative that they use this fraudulent scheme and mechanism. The Kalkan Parties are an "alter ego" or business conduit for the Guarantors, which uses a corporate structure abusively to perpetrate fraud, accomplish an illicit purpose, and/or create and service as an injustice.

36. To make matters worse, Plaintiff learned that the Kalkan Parties and Guarantors have attempted to scrap Kalkan Capital for a new entity, Silverstone Communities, LLC. A review of Defendant Silverstone Communities, LLC website (http://www.thesilverstone.org) is essentially a carbon copy of Defendant Kalkan Capital, LLC's website (http://www.kalkankapital.com) claiming to own the same assets and apartment complexes and requesting investments. The Kalkan Parties and Guarantors appear to have fraudulently transferred assets Defendant Silverstone Communities, LLC in furtherance of its fraudulent scheme and to defraud creditors including Plaintiff.

## CAUSES OF ACTION

37. All conditions precedent for recovery have been met.

## COUNT I: BREACH OF CONTRACT

38. Plaintiff incorporates paragraphs 1-2, 23-37 herein by reference as if such paragraphs were reproduced verbatim.

39. Plaintiff and the Kalkan Parties entered into the Agreements that were guaranteed by and through the *Guaranty* by the Guarantors. Under the terms of the *Promissory Note*, the Kalkan Parties and Guarantors had until July 13, 2025 to pay all principal and interest on the $1,500,000.00 that was financed. The Kalkan Parties and Guarantors wholly and completely failed to do so. All such amounts have been accelerated and are due and owing plus outstanding interest and default interest. Additionally, the Kalkan Parties failed to transfer the equitable interests as required by the *Equity Transfer Agreement*. Accordingly, the Kalkan Parties and Guarantors are in breach. Plaintiff has suffered and continues to suffer damages as a result of Defendants' conduct.

## COUNT II: FRAUD, FRAUDULENT INDUCEMENT, FRAUD BY NONDISCLOSURE, AND FRAUDULENT TRANSFER

40. Plaintiff incorporates paragraphs 1-2, 23-39 herein by reference as if such paragraphs were reproduced verbatim.

41. In order to induce Plaintiff to provide $1,500,000.00 to finance various apartment complex projects, Defendants represented materially false financing statements showing assets and cash that simply did not exist.  Defendants knew or should have known that such representations were false or made recklessly without knowledge of the truth.  Defendants made representations to Plaintiff with the intent that Plaintiff acts on such representations. Plaintiff relied on such representations and acted causing Plaintiff injury and damage.

42. Defendants had a duty and obligation to produce and provide accurate information.  When Defendant knew the information was false or partially inaccurate, they had a duty to disclose all accurate information when submitting information to Plaintiff.

43. It was reasonable for Plaintiff to rely on Defendants' misrepresentations.  Plaintiff had no reason to suspect that Defendants were not operating in good faith and would try to steal the funds and cause failure.  Defendants assured Plaintiff it would be paid.

44. Defendants scheme played out exactly as they anticipated.  Defendants concocted and executed a scheme.  The scheme had a common purpose and goal to be accomplished – to take Plaintiff's funds without recourse, hide funds, and move funds through a series of entities.

45. The Kalkan Parties are an intricate set of entities designed from fraudulent purposes to manipulate others and serve as alter ego entities for the Guarantors.  The Guarantors conduct business through the Kalkan Parties as a fraudulent enterprise.  They brazenly and openly confirm that their assets are hidden within and between a web of deception with a

focus on defrauding parties. The representatives of the Kalkan Parties and Guarantors confirmed to Plaintiff's representative that they use this fraudulent scheme and mechanism. The Kalkan Parties are an "alter ego" or business conduit for the Guarantors, which uses a corporate structure abusively to perpetrate fraud, accomplish an illicit purpose, and/or create and service as an injustice.

46. To make matters worse, Plaintiff learned that the Kalkan Parties and Guarantors have attempted to scrap Kalkan Capital for a new entity, Silverstone Communities, LLC. A review of Defendant Silverstone Communities, LLC website (http://www.thesilverstone.org) is essentially a carbon copy of Defendant Kalkan Capital, LLC's website (http://www.kalkankapital.com) claiming to own the same assets and apartment complexes and requesting investments. The Kalkan Parties and Guarantors appear to have fraudulently transferred assets Defendant Silverstone Communities, LLC in furtherance of its fraudulent scheme and to defraud creditors including Plaintiff.

47. Defendants devised a scheme and plotted to unlawfully take Plaintiff's funds to fund their lifestyles rather than for development projects as represented. Defendants committed unlawful acts to further their course of action to defraud Plaintiff.

## COUNT III: CONSPIRACY

48. Plaintiff incorporates paragraphs 1-2, 23-47 herein by reference as if such paragraphs were reproduced verbatim.

49. An actionable civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. A civil conspiracy requires (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5)

damages as the proximate result. Once a civil conspiracy is proven, each co-conspirator is responsible for all acts done by any of the conspirators in furtherance of the unlawful combination.

50. Defendants clearly developed a scheme to defraud and damage Plaintiff and had a meeting of the minds to do so. Defendants concocted and executed a scheme. The scheme had a common purpose and goal to be accomplished – to take Plaintiff's funds without recourse, hide funds, and move funds through a series of entities.

51. In order to induce Plaintiff to provide $1,500,000.00 to finance various apartment complex projects, Defendants represented materially false financing statements showing assets and cash that simply did not exist. Defendants knew or should have known that such representations were false or made recklessly without knowledge of the truth. Defendants made representations to Plaintiff with the intent that Plaintiff act on such representations. Plaintiff relied on such representations and acted causing Plaintiff injury and damage.

52. The Kalkan Parties are an intricate set of entities designed from fraudulent purposes to manipulate others and serve as alter ego entities for the Guarantors. The Guarantors conduct business through the Kalkan Parties as a fraudulent enterprise. They brazenly and openly confirm that their assets are hidden within and between a web of deception with a focus on defrauding parties. The representatives of the Kalkan Parties and Guarantors confirmed to Plaintiff's representative that they use this fraudulent scheme and mechanism. The Kalkan Parties are an "alter ego" or business conduit for the Guarantors, which uses a corporate structure abusively to perpetrate fraud, accomplish an illicit purpose, and/or create and service as an injustice.

53. To make matters worse, Plaintiff learned that the Kalkan Parties and Guarantors have attempted to scrap Kalkan Capital for a new entity, Silverstone Communities, LLC. A review of Defendant Silverstone Communities, LLC website (http://www.thesilverstone.org) is essentially a carbon copy of Defendant Kalkan Capital, LLC's website (http://www.kalkankapital.com) claiming to own the same assets and apartment complexes and requesting investments. The Kalkan Parties and Guarantors appear to have fraudulently transferred assets Defendant Silverstone Communities, LLC in furtherance of its fraudulent scheme and to defraud creditors including Plaintiff.

54. Defendants devised a scheme and plotted to unlawfully take Plaintiff's funds to fund their lifestyles rather than for development projects as represented. Defendants committed unlawful acts to further their course of action to defraud Plaintiff.

## COUNT IV: MONEY HAD AND RECEIVED

55. Plaintiff incorporates paragraphs 1-2, 23-54 herein by reference as if such paragraphs were reproduced verbatim.

56. Defendants hold money that belongs to Plaintiff in equity and good conscience. Defendants funds that were used for purposes other than what was agreed and failed to return any such funds including principal and interest. Defendants have wrongfully retained funds received in excess of any valid legal claim to such funds. As a consequence of Defendants' actions and omissions, Plaintiff is entitled to compensation in an amount to be proven at the final hearing.

## COUNT V: VIOLATIONS OF RICO, 18 U.S.C. § 1962(C)

57. Plaintiff incorporates paragraphs 1-2, 23-56 herein by reference as if such paragraphs were reproduced verbatim.

58. Plaintiff asserts a violation of RICO based on 18 U.S.C. § 1962(c) in that "a person who is employed by or associated with an enterprise cannot conduct the affairs of the enterprise through a pattern of racketeering activity." Three (3) elements are common to all RICO claims under Section 1962 and are as follows: (1) a person who engages in, (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise.

59. Section 1961(3) defines the RICO person as including "any individual or entity capable of holding a legal or beneficial interest in property." A RICO person must be one that either poses or has posed a continuous threat of engaging in acts of racketeering. The RICO person includes the Executives. Each of the aforementioned individuals is "capable of holding a legal or beneficial interest in property" and is, therefore, a "person" within the meaning of 18 U.S.C. § 1961(3).

60. Defendants and Executives are entities and individuals who have come together and partnered with one another at the direction of each of the Executives. As a function of their fraudulent scheme, Defendants have worked together to defraud numerous banks and financiers including Plaintiff. The Defendants' association constitutes is an "enterprise" within the meaning of 18 U.S.C. § 1961(4).

61. A RICO enterprise can be either a legal entity or an association-in-fact. Defendants developed an association that is an enterprise engaged in and whose activities affect interstate commerce. Defendants are employed by or associated with the enterprise. Defendants shared the common purpose of (among other things) defrauding Plaintiff of money or property. The entities and individuals commonly associated in the enterprise possessed sufficient longevity for their members to carry out their purposes in that the

enterprise has existed for at least five (5) years based on representations made by Guarantors.

62. Both the activities of the enterprise and the predicate acts of racketeering described herein affect interstate commerce, as the Defendants have used instrumentalities of interstate commerce as detailed herein, including wires such as email communications, telephone communications, text messages, and wire transfers.  Section 1343 of the United States Code defines wire fraud as follows:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing a scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

Plaintiffs need only show that Defendants (1) developed a scheme to defraud, (2) money or property was the object of the scheme, and (3) used the wire to further the scheme. Defendants collectively developed a scheme to defraud Plaintiff with fraudulent intent and carried out such scheme by communicating with Plaintiff by telephone calls, text messages, emails, and wire transfers.

63. Defendants clearly developed a scheme to defraud and damage Plaintiff and had a meeting of the minds to do so.  Defendants concocted and executed a scheme.  The scheme had a common purpose and goal to be accomplished – to take Plaintiff's funds without recourse, hide funds, and move funds through a series of entities.

64. The Kalkan Parties are an intricate set of entities designed from fraudulent purposes to manipulate others and serve as alter ego entities for the Exectives.  The Executives conduct business through the Kalkan Parties as a fraudulent enterprise.  They brazenly and openly

confirm that their assets are hidden within and between a web of deception with a focus on defrauding parties.  The representatives of the Kalkan Parties and Executives confirmed to Plaintiff's representative that they use this fraudulent scheme and mechanism.  The Kalkan Parties are an "alter ego" or business conduit for the Executives, which uses a corporate structure abusively to perpetrate fraud, accomplish an illicit purpose, and/or create and service as an injustice.

65. To make matters worse, Plaintiff learned that the Kalkan Parties and Guarantors have attempted to scrap Kalkan Capital for a new entity, Silverstone Communities, LLC.  A review of Defendant Silverstone Communities, LLC website (http://www.thesilverstone.org) is essentially a carbon copy of Defendant Kalkan Capital, LLC's website (http://www.kalkankapital.com) claiming to own the same assets and apartment complexes and requesting investments.  The Kalkan Parties and Guarantors appear to have fraudulently transferred assets Defendant Silverstone Communities, LLC in furtherance of its fraudulent scheme and to defraud creditors including Plaintiff.

66. Defendants devised a scheme and plotted to unlawfully take Plaintiff's funds to fund their lifestyles rather than for development projects as represented.  Defendants committed unlawful acts to further their course of action to defraud Plaintiff.

67. Defendants knowingly agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5), & 1962(c), and for the unlawful purpose of intentionally defrauding Plaintiff.  Pursuant to and in furtherance of their fraudulent scheme, Defendants committed multiple related acts of wire fraud as set forth above.  All Defendants, as co-

conspirators, are all liable for the predicate racketeering acts committed by a single co-conspirator.

68. The racketeering activity at issue consists of two or more predicate criminal acts that are related and amount to or pose a threat of continued criminal activity. Based on representations of Defendants, Defendants have followed this pattern on numerous occasions. All of the acts of racketeering described above and herein were related so as to establish a pattern of racketeering activity, within the meaning of 18 U.S.C. §§ 1961(5) & 1962(c), in that their common purpose was to defraud Plaintiff (and others) of money and property; their common result was to defraud Plaintiff of money and property; Defendants, through their employees, members, or agents, directly or indirectly, participated in the racketeering acts and employed the same or similar methods of commission; Plaintiff was the victim of the acts of racketeering; and/or the acts of racketeering were otherwise interrelated by distinguishing characteristics and were not isolated events. Defendants' acts are related and amount to or pose a threat of continued criminal activity. In addition to violating the law as it pertains to Plaintiff, Defendants have used this scheme for the same or similar purposes, results, participants, victims, or methods of commission. Defendants have carried out this scheme "hundreds of times" and others will be discovered once discovery is conducted on these issues. Defendants consist of a group of entities and individuals that pose a great risk to the public and unsuspecting buyers. Their acts certainly pose a threat a continued criminal activity.

69. All of the acts of racketeering described above were continuous so as to form a pattern of racketeering activity in that the acts provide a specific threat of repetition extending indefinitely into the future and/or that the acts are a regular way of conducting Defendants'

---

ongoing legitimate business. Defendants operate as part of a long-term association that exists for criminal purposes, among others, and the predicate acts described above are the regular way of conducting ongoing legitimate business or of conducting or participating in an ongoing and legitimate RICO enterprise. Defendants have replicated this pattern of racketeering activity on more than one hundred occasions, which has shown to be the regular way of conducting and operating business and their business affairs. At a minimum, Defendants' past conduct, by its very nature, presents the threat of repetition extending indefinitely into the future.

70. As a direct and proximate result of, and by reason of, the racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiff has been injured in its business and property, within the meaning of 18 U.S.C. § 1964(c). Plaintiff has suffered an economic injury which is concrete and particular including loss of equity, $1,500,000.00 in principal, and interest and default interest. Plaintiff is, therefore, entitled to recover threefold the damages it sustained together with the costs of this suit, reasonable attorneys' fees, reasonable experts' fees, and any other and further relief as this Honorable Court may deem just and proper.

### COUNT VI: VIOLATIONS OF RICO, 18 U.S.C. § 1962(D)

71. Plaintiff incorporates paragraphs 1-2, 23-70 herein by reference as if such paragraphs were reproduced verbatim.

72. As alleged in great detail in Count V, one or more of the following individuals violated 18 U.S.C. § 1962(c): the Kalkan Parties and Executives. Any person(s) who is found to have violated 18 U.S.C. § 1962(c) is hereafter referred to as the "Operator / Manager" for the remainder of this Count.

73. Defendants conspired with the Operator / Manager(s) to conduct or participate, directly or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d). Defendants intended to and agreed to further an endeavor of the Operator / Manager(s) which, if completed, would satisfy all of the elements of a substantive RICO criminal offense (18 U.S.C. § 1962(c)) and adopted the goal of furthering or facilitating the criminal endeavor.

74. As set forth in great detail in Count V, Defendants entered into an agreement to, among other things, to defraud Plaintiff and use funds for purposes other than agreed with full understanding that Defendants could not and would not perform. Defendants have organized this scheme and conspired on numerous occasions by their own representations. Defendants entered into such an agreement to line their pockets with the intent to defraud Plaintiff.

75. Plaintiff was injured by Defendants' overt acts, which are acts of racketeering or otherwise unlawful under the RICO statute, which included (among other acts) acts of wire fraud committed through the enterprise as alleged above and in Count V.

76. As a direct and proximate result of, and by reason of, the activities of Defendants and their conduct in violation of 18 U.S.C. § 1962(d), Plaintiff was injured in its business or property, within the meaning of 18 U.S.C. § 1964(c). Plaintiff has an economic injury which is concrete and particular including loss of equity, $1,500,000.00 in principal, and interest. Plaintiff is, therefore, entitled to recover threefold the damages they sustained together with the costs of this suit, reasonable attorneys' fees, reasonable experts' fees, and any other and further relief as this Honorable Court may deem just and proper.

## DAMAGES AND RELIEF

77. All conditions precedent for recovery have been met.

78. **Attorneys' Fees.**  Plaintiff incorporates paragraphs 1-2, 23-76 herein by reference as if such paragraphs were reproduced verbatim.  Plaintiff has been required to retain the services of an attorney to enforce its rights and is entitled to recover reasonable and necessary attorney's fees and costs of court.  In accordance with the terms of the Agreements, Section 1964(c) of the United States Code, and the principles of equity, Plaintiff is entitled to seek and obtain attorneys' fees from Defendants.  Pursuant to the usual and customary fees for a claim of this type, Plaintiff is entitled to reasonable and necessary attorneys' fees for the preparation and trial of this case and additional attorneys' fees in the event of an appeal or other proceedings before the United States Court of Appeals for the First Circuit and the Supreme Court of the United States.

79. **Exemplary Damages.**  Plaintiff incorporates paragraphs 1-2, 23-78 herein by reference as if such paragraphs were reproduced verbatim.  Defendants' acts as set forth herein constitute fraud and other associated claims.  As a result of the acts or omissions set forth herein, Plaintiff is entitled to the recovery of exemplary damages.

80. **Threefold Damages.**  Plaintiff incorporates paragraphs 1-2, 23-79 herein by reference as if such paragraphs were reproduced verbatim.  As a result of Defendants' unlawful conduct, Plaintiff is entitled to recover "threefold the damages [Plaintiff] sustains" in accordance with Section 1964(c) of the United States Code.

## DEMAND FOR TRIAL BY JURY

81. Plaintiff demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

---

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that it be awarded judgment against Defendants as follows:

1. Plaintiff have judgment against Defendants and recover all damages including, but not limited to, actual damages, consequential damages, mental anguish, economic damages, non-economic damages, loss of credit, loss of equity, damage to credit, special damages, threefold damages, statutory damages, and all other damages and recovery available at law or in equity;

2. Plaintiff have judgment and recover on its causes of action as asserted herein;

3. Court costs;

4. Reasonable and necessary attorneys' fees;

5. Expert costs and fees;

6. Exemplary damages;

7. Three-fold damages;

8. Pre-judgment and post-judgment interest; and

9. Any other legal or equitable relief, whether general or specific, to which Plaintiff may be entitled.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on May 22, 2026.

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon all counsel of record via ECF on this same date.

*<u>S/ Osvaldo Carlo Linares</u>*
Osvaldo Carlo Linares
USDC No. 126602
1509 López Landrón
Touchvision Plaza, PH
San Juan, Puerto Rico 00911
Tél. 787-300-6483
Email: ocarlo@carlolaw.com

**DENNIE FIRM, PLLC**
99 Trophy Club Drive
Trophy Club, TX 76262
817.430.5876
817.430.5801 – Facsimile

**Christian S. Dennie** *(pro hac vice)*
Texas Bar No. 24045775
cdennie@denniefirm.com
**Sarah Pack** *(pro hac vice)*
Texas Bar No. 24083611
spack@denniefirm.com